# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES - GENERAL

| Case No. | 5:19-cv-00167-DMG (SK) | Date | July 31, 2019 |
|---|---|---|---|
| Title | Ernest Peachy Thomas v. The County of San Bernardino et al. | | |

| Present: The Honorable | Steve Kim, U.S. Magistrate Judge |
|---|---|
| Cheryl Wynn | n/a |
| Deputy Clerk | Court Smart / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| None present | None present |

**Proceedings:** (IN CHAMBERS) **ORDER TO SHOW CAUSE RE: DEFENDANTS' FAILURE TO ACCEPT OR WAIVE SERVICE**

On February 15, 2019, the Court ordered service of the Summons and Complaint in this action on the Defendants as named in the Complaint, including: The County of San Bernardino, Sheriff Deputies David Page, J. Foster, D. Newcombe, D. Estrada, and John McMahon. (ECF 8). On June 17, 2019, the County of San Bernardino refused service because the summons did not state "The County of San Bernardino Sheriff's Dept." (ECF 18). The County also refused service for Deputy Estrada, apparently claiming it could not locate that Deputy without his identification number. (ECF 25, 26). Then, on July 16, 2019, Deputies Page, Foster, McMahon, and Newcombe consented to proceed before the assigned Magistrate Judge for all proceedings. (ECF 46). But "consent of all parties *(including unserved defendants)* is a prerequisite to a magistrate judge's jurisdiction to enter dispositive decisions." *Williams v. King*, 875 F.3d 500, 504 (9th Cir. 2017) (emphasis added).

Here, the County's refusal to accept service on behalf of itself because the summons did not name the "Sheriff's Department" has no justification. *See Vance v. Cty. of Santa Clara*, 928 F. Supp. 993, 996 (N.D. Cal. 1996) ("The County is a proper defendant in a § 1983 claim, an agency of the County is not."); *Stearns v. San Bernardino Cty. Sheriff's Dep't*, 2019 WL 1785447, at *3 (C.D. Cal. Apr. 2, 2019) ("[P]olice departments or other municipal departments are not proper defendants under Section 1983."). To be sure, police departments are often named in addition to the municipalities they serve, but that does not mean that a municipality that is otherwise properly named can evade service by claiming that the police department has not been named. Federal Rule of Civil Procedure 4 "is a flexible rule that should be liberally construed to uphold service so long as a party receives sufficient notice of the complaint." *Chan v. Soc'y Expeditions, Inc.*, 39 F.3d 1398, 1404 (9th Cir. 1994).

Nor is the County's alleged inability to locate Deputy Estrada credible or acceptable, given that it had no problem accepting service for Deputies Page, Foster, Newcombe, and McMahon *without* such identification numbers. (ECF 19, 21, 23, 27). Federal Rule of Civil

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:19-cv-00167-DMG (SK) | Date | July 31, 2019 |
|---|---|---|---|
| Title | Earnest Peachy Thomas v. The County of San Bernardino, et al. | | |

Procedure 4(d) places a duty on defendants to avoid the unnecessary expense of personal service. *See, e.g., Schmitman v. Hager*, 2017 WL 10378498, at *1 (C.D. Cal. Nov. 27, 2017) ("A defendant 'has a duty to avoid unnecessary expenses of serving the summons' and thus should agree to waive service." (citation omitted)). It also permits the Court impose the cost of personal service on any defendants who fail, without good cause, to return a waiver of service.

THEREFORE, Defendants San Bernardino County and Deputy Sheriff Estrada are ORDERED TO SHOW CAUSE by no later than **August 16, 2019** (1) why service of the Summons and Complaint by the U.S. Marshals on them should not be deemed effective immediately under Rule 4 of the Federal Rules of Civil Procedure; and (2) why the costs of U.S. Marshals service should not be imposed on them for refusal to accept service without good cause. County Counsel may discharge this order to show cause in its entirety by signing and sending the attached waivers of service for Defendants San Bernardino County and Deputy Sheriff Estrada. Separately, if those Defendants also wish to consent to proceed before the assigned Magistrate Judge along with the other named defendants, they should complete and send the attached Form CV-11B.[1]

**IT IS SO ORDERED.**

Attachments:
Two (2) Waivers of Service
Two (2) Consents
Two (2) Complaints

---

[1] By separate order, also entered on this day, Defendant Ramos has been dismissed from the complaint with leave to amend under 28 U.S.C. § 1915A.