# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 5:19-cv-00167-DMG (SK) | Date | September 23, 2019 |
|---|---|---|---|
| Title | Ernest Peachy Thomas v. The County of San Bernardino et al. | | |

| Present: The Honorable | Steve Kim, U.S. Magistrate Judge |
|---|---|
| Connie Chung | n/a |
| Deputy Clerk | Court Smart / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| None present | None present |

**Proceedings:** (IN CHAMBERS) **ORDER TO SHOW CAUSE**[1]

Plaintiff has sued the County of San Bernardino and five San Bernardino County Deputy Sheriffs in both their individual and official capacities, alleging various federal and state law claims, in a civil rights action under 42 U.S.C. § 1983. (Compl., ECF 1).[2] He alleges that while a pretrial detainee, Plaintiff cooperated with the San Bernardino County District Attorney's office against another detainee, leading to a "keep away" order meant to keep him separated from that detainee for Plaintiff's safety. (Compl. at 6). His core allegation is that Deputy Sheriff J. Estrada, knowing about the "keep away" order, still placed him in a holding cell with that detainee who then attacked and injured Plaintiff. (*Id.*). These facts, if true, are enough to state a Fourteenth Amendment failure-to-protect claim against Defendant Deputy Estrada in his individual capacity. *See Castro v. Cty. of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (stating elements of failure-to-protect claim). But Plaintiff has not alleged enough facts to state federal constitutional claims against the remaining four Deputy Sheriffs in their individual capacities, against any Deputy Sheriffs in their official capacities, or against the County.

To begin with, none of the four Deputy Sheriffs other than Defendant Estrada is alleged to have had any affirmative role in violating the so-called "keep away" order, so the complaint fails to state a Fourteenth Amendment failure-to-protect claim against them. *See Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) ("A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."). Nor can Plaintiff

---

[1] This order is non-dispositive, so it is not immediately appealable. *See* Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *McKeever v. Block*, 932 F.2d 795, 799 (9th Cir. 1991). If Plaintiff believes this order is dispositive, he must object to the order within 14 days. *See* Fed. R. Civ. P. 72(a), (b); L.R. 72–2.1; *Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1174 & n.1 (9th Cir. 1996).

[2] Plaintiff also initially named, but later dismissed voluntarily, Defendant Michael Ramos, the former San Bernardino County District Attorney. (ECF 59).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:19-cv-00167-DMG (SK) | Date | September 23, 2019 |
|---|---|---|---|
| Title | Ernest Peachy Thomas v. The County of San Bernardino et al. | | |

state viable Fourth or Eighth Amendment claims against any of the Deputy Sheriffs, including Defendant Estrada, because those provisions do not apply to pretrial detainees. *See Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989) ("[T]he Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment."); *City of Revere v. Massachusetts Gen. Hosp.*, 463 U.S. 239, 244 (1983) (Eighth Amendment does not apply to pretrial detainees); *Gordon v. County of Orange*, 888 F.3d 1118, 1124-25 (9th Cir. 2018) (medical care claims brought by pretrial detainees arise under the Fourteenth Amendment's Due Process Clause).

Moreover, the complaint's vague assertion of a civil rights conspiracy between the Deputy Sheriffs is too conclusory to state a plausible claim. *See Ting v. United States*, 927 F.2d 1504, 1512 (9th Cir. 1991) (To state actionable conspiracy claim under § 1983, plaintiff must allege facts plausibly suggesting "(1) the existence of an express or implied agreement among the defendant officers to deprive him of his constitutional rights, and (2) an actual deprivation of those rights resulting from that agreement."). So too for the allegations of deliberate medical indifference between and among the Deputy Sheriffs. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (Federal pleading rule "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.") (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). And there is no legal reason to sue—and nothing practical to be gained by suing—any of the individual Deputy Sheriffs in their official capacities, for an "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity" and "not a suit against the official personally." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Because he has sued the County, the official-capacity claims against the individual Deputy Sheriffs are redundant. *See Ctr. for Bio-Ethical Reform, Inc. v. Los Angeles Cty. Sheriff Dep't*, 533 F.3d 780, 799 (9th Cir. 2008) (county sheriff sued in official capacity is "redundant defendant" in lawsuit against county).

That said, to sue the County properly, Plaintiff must allege facts plausibly suggesting: "(1) that he possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy 'amounts to deliberate indifference' to the plaintiff's constitutional right; and (4) that the policy is the 'moving force behind the constitutional violation.'" *Oviatt ex rel. Waugh v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992) (quoting *City of Canton v. Harris*, 489 U.S. 378, 389-91 (1989)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. At most, Plaintiff has alleged a discrete incident of misconduct by one of the County's employees, which, if true, may make the County ultimately responsible as a financial matter. But there is no legal respondeat superior liability for municipalities under § 1983. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978) ("[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents.").

**CIVIL MINUTES - GENERAL**

| Case No. | 5:19-cv-00167-DMG (SK) | Date | September 23, 2019 |
|---|---|---|---|
| Title | Ernest Peachy Thomas v. The County of San Bernardino et al. | | |

So, for these reasons and others, the County and the four Deputy Sheriffs other than Defendant Estrada have moved to dismiss Plaintiff's federal claims for failure to state a claim on which relief may be granted under Federal Rules of Civil Procedure 12(b)(6) and 8(a). (ECF 36, 65). They also seek to dismiss Plaintiff's pendent state law claims for failure to exhaust under California's Government Claims Act. For his part, Plaintiff has opposed the motions to dismiss his state law claims, presenting evidence that purports to show that he has complied with the Government Claims Act. (ECF 44 at 8, 15-19). *See Elrawi v. Burgess*, 2018 WL 4223652, at *6-7 (C.D. Cal. Sept. 5, 2018) (outlining the Act's requirements). But Plaintiff has failed to file the required documents—and otherwise comply with the Court's orders and local rules— to properly oppose these Defendants' motions to dismiss his federal constitutional claims.

For starters, Plaintiff has filed no memorandum of points and authorities, as required by Local Rule 7-9, explaining why the federal claims should not be dismissed for the reasons outlined in Defendants' motions and reiterated in this order. He has instead filed several aimless "affidavits" with no proper proofs of service on the Defendants, also as required by Local Rule 5-3.1.2. (ECF 48, 49, 58, 59, 73-75). And to the extent that these "affidavits" purport to present evidence, they go beyond the pleadings in the complaint, which must be enough in and of themselves—without resort to extrinsic evidence—to survive dismissal under Rules 12(b)(6) and 8(a). *See Jackson v. S. California Gas Co.*, 881 F.2d 638, 642 n.4 (9th Cir. 1989).[3] Plaintiff has even tried to start discovery prematurely (ECF 54), evidently not understanding that his complaint's factual allegations must first "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The Court has now twice explained the appropriate procedures and standards for opposing a motion to dismiss at the pleading stage. (ECF 43, 70). It has also warned Plaintiff that, while the content of his properly filed pleadings may be liberally construed, he is not exempt from strict compliance with the procedures laid out in the Court's orders, its local rules, and the Federal Rules. (ECF 7).

THEREFORE, Plaintiff is ORDERED TO SHOW CAUSE by **October 23, 2019**, why his complaint should not be dismissed for failure to file required documents and to comply with court orders. *See* Fed. R. Civ. P. 41(b); L.R. 7-12, 41-1. To discharge this Order to Show Cause, Plaintiff must do **one** of the following:

---

[3] The affidavits may be considered, however, to determine whether Plaintiff has exhausted his state administrative remedies for his state law claims. *See Stratton v. Buck*, 697 F.3d 1004, 1007-08 (9th Cir. 2012). But even if administratively exhausted, the state law claims should not remain in federal court unless they are pendent to colorable federal claims. *See* 28 U.S.C. § 1367(c)(3); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966).

**CIVIL MINUTES - GENERAL**

| Case No. | 5:19-cv-00167-DMG (SK) | Date | September 23, 2019 |
|---|---|---|---|
| Title | Ernest Peachy Thomas v. The County of San Bernardino et al. | | |

**(1)** **Elect to proceed with his Fourteenth Amendment failure-to-protect claim against Defendant Estrada in his individual capacity by voluntarily dismissing all other claims and Defendants without prejudice on the attached Form CV-09.** Discovery could then begin on this surviving federal claim, and Plaintiff could renew his request for appointment of counsel on this claim only (assuming he can meet the requirements for appointment under 28 U.S.C. § 1915(e)(1)).

**(2)** **File with the Court—and serve on Defendants with proof of such service—a First Amended Complaint using the attached Form CV-66, curing all the legal and factual deficiencies described in this order.** *See St. Michael's Convalescent Hosp. v. State of California*, 643 F.2d 1369, 1374 (9th Cir. 1981) (complaint may be amended under Fed. R. Civ. P. 15(a) when no answer has been filed and while motion to dismiss is pending); *Lopez v. Smith,* 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc) (leave to amend should be granted to pro se plaintiff to correct curable pleading defects). The First Amended Complaint must be complete in itself without reference to any other pleadings, including the original complaint, because an amended complaint supersedes the prior complaint in its entirety.

**(3)** **File and serve proper Oppositions to all pending motions to dismiss, which prove that the complaint—as currently alleged without resort to extrinsic evidence—states viable federal constitutional claims despite the legal and factual deficiencies described in this order and in the motions to dismiss.** The failure to file the required opposition documents on time, or to explain convincingly why the reasons in the motions to dismiss and this order are wrong, may result in the granting of Defendants' motions to dismiss the complaint without further leave to amend.[4]

**WARNINGS**: If Plaintiff fails to take one of these three actions on time, this action may be dismissed involuntarily in its entirety for failure to prosecute. *See* Fed. R. Civ. P. 41(b); L.R. 41-1. Failure to keep the Court apprised promptly of any change in address of record may also result in involuntary dismissal of the action for failure to prosecute. *See* L.R. 41-6.

**IT IS SO ORDERED.**

---

[4] Nothing in this order is intended to address whether Plaintiff's state law claims can proceed independent of the federal claims. But a federal claim must usually survive the pleading stage for the Court to exercise pendent jurisdiction over state law claims. *See Gibbs*, 383 U.S. at 726; *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).